IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Earnestine G. Tyler, | ) | C/A NO. 3:07-150-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Ratner Companies | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The court entered an opinion and order on June 2, 2008, adopting the Report and Recommendation ("Report") of the Magistrate Judge and granting the motion for summary judgment of Defendant Ratner Companies ("Defendant"). At that time, the court had received no objection to the Report despite passage of the objection deadline on May 23, 2008.

Subsequent to the entry of that order, but on the same day (June 2, 2008), the court received Plaintiff's submission purporting to be written objections to the Report. While the objections themselves are dated May 23, 2008, the date stamp on the envelope reflects that the objections were received by the Clerk of Court on June 2, 2008. Plaintiff is not incarcerated or otherwise restricted from timely filing documents with the court. Thus, there are no grounds for excusing the late arrival of Plaintiff's objections. Nonetheless, the court has reviewed them.

Plaintiff first argues there is evidence she was terminated on the basis of her age because Lakisha Ashford ("Ashford"), a younger coworker, was not terminated for behavior similar to behavior for which Plaintiff was terminated. *See* Dkt. No. 50 at 3-4. The court disagrees. While both employees are alleged to have used profanity, Plaintiff also threatened Ashford. Ashford is not alleged to have made any threats. Dkt. No. 43 at 11. Further, as noted in the Report, Plaintiff and

Ashford were not similarly situated employees. *Id.* at 11-12. Plaintiff had a position of responsibility as keyholder to the salon and as a District Employment Leader. Ashford did not hold any position of authority. *See id.* at 12. These two differences, the making of a threat and the level of responsibility of the employees, precludes comparison of Defendant's treatment of the employees following the incident.

Plaintiff also objects based on the assertion that she did not use profanity and did not directly threaten violence against Ashford. Dkt. No. 50 at 3. Again, as in the Report, the critical issue is not whether Plaintiff actually engaged in that conduct, but whether Defendant *reasonably believed* she did. Dkt. No. 43 at 15. Plaintiff has not met the burden of establishing that Defendant did not have a good faith belief that Plaintiff used profanity and threatened her coworker at the time she was terminated.

For the foregoing reasons, the court finds that Plaintiff's objections to the Magistrate Judge's Report are without merit. The court reaffirms its order granting summary judgment in favor of Defendant.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 5, 2008